## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPIRO KOUVELIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 16-cv-11293 |
| | ) | |
| GEORGE KOUVELIS | ) | |
| SOPHIA KOUVELIS, | ) | |
| SOUTHERN CAFE, INC., | ) | |
| SB PANCAKE HOUSE, INCORPORATED | ) | |
| d/b/a SOUTHERN CAFÉ NO. 2, INC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Spiro Kouvelis ("Spiro"), by and through his attorneys, and for his Complaint against George Kouvelis ("George"), Sophia Kouvelis ("Sophia"), Southern Café, Inc. and SB Pancake House, Incorporated, doing business as Southern Café No. 2, Inc., states as follows:

### SUMMARY OF THE CASE

1.      This civil action is brought by the above-named individual plaintiff who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff also brings individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.  The Court has personal jurisdiction over Defendants.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c).

## FACTS

4.      At all relevant times, the Plaintiff performed work for the Defendants' restaurant. His duties included management, cooking, cleaning, and performing several other restaurant functions.

5.      At all times relevant hereto the Plaintiff was an employee under the IMWL and the FLSA.

6.      At all times relevant hereto, the Defendants were the Plaintiff's employer under the IMWL and the FLSA.

7.      Defendants George Kouvelis and Sophia Kouvelis, husband and wife, are individuals who have resided within the state of Illinois. Upon information and belief, George presently resides in Oxford, Wisconsin in federal prison.

8.      Southern Café, Inc. is a dissolved Illinois corporation that operated as "Southern Cafe" in Will County.

9.      SB Pancake House, Incorporated is an Illinois corporation that operates in Will County. It has taken over Southern Café, Inc.'s assets. George Kouvelis is its President, and ownership of the entity has been placed with Sophia Kouvelis (or, upon information and belief, a trust in which she has an interest). Upon information and belief, it now operates under the name "Southern Belle's", after previously operating as "Southern Cafe."    There is no practical difference between the corporate assets of the two entities, and SB Pancake House, Incorporated is a mere continuation of the first entity.  The Defendants placed ownership in a new entity in an effort to avoid judgments and liability.

10.      At all times relevant hereto, both George and Sophia controlled and managed the operations of "Southern Belle's" and "Southern Cafe."  They oversaw and directed Plaintiff's

work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of the Defendants.

11.      The Plaintiff worked for the Defendants between February 18, 2014 and December 29, 2014 ("Work Period").

12.      During the Work Period, Plaintiff typically worked approximately 70 hours per week.

13.      During the Work Period, the Plaintiff was not paid wages or compensation.

14.      During the Work Period the Plaintiff was not paid the applicable minimum wage or overtime.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

15.      The Plaintiff re-alleges and incorporates by reference all of the above allegations.

16.      Under the FLSA, Plaintiff was entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek and for the minimum wage for each hour of work.

17.      The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

18.      Defendants failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week and at the minimum wage in violation of the FLSA.

19.      Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

20.     Due to Defendants violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the Plaintiff requests judgment against the Defendants for a sum that will properly, adequately, and completely compensate him for the nature, extent, and duration of his damages, the costs of this action, and for all relief available under the FLSA including attorney fees and costs.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW– OVERTIME

21.     Plaintiff hereby alleges and incorporates Paragraph 1 through 20 of this Complaint, as is fully set forth herein.

22.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

23.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.  In addition, hours worked up to 40 hours must be compensated at the rate of at least $8.25 per hour.

24.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

25.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid as well as their minimum wages.

26.     As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he have not received wages due pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants for all relief available to them under the law, including statutory interest of 2% per month and reasonably attorney fees.

Dated December 12, 2016                                    Respectfully Submitted,

                                                          __/s/ David Fish_____
                                                          One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590