IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPIRO KOUVELIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 16-cv-11293 |
| | ) | |
| GEORGE KOUVELIS | ) | |
| SOPHIA KOUVELIS, | ) | |
| SOUTHERN CAFE, INC., | ) | |
| SB PANCAKE HOUSE, INCORPORATED | ) | |
| d/b/a SOUTHERN CAFÉ NO. 2, INC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| OWL NEST INVESTMENTS, LLC | ) | |
| GENEVA PANCAKE HOUSE, LLC and | ) | |
| BISCUIT CAFÉ, INC. | ) | |
| | ) | |
| Third Party Defendants | ) | |

**THIRD PARTY DEFENDANTS' JOINT MOTION TO DISMISS INDEMNITY
CLAIM PURSUANT TO FED. R. CIV. PRO. 12(B)(6)**

**Introduction**

This is a simple overtime and minimum wage claim filed by Spiro Kouvelis ("Spiro") under the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL). In retaliation for Spiro exercising his statutory wage rights, the Defendants have retaliated against him by filing a Third Party Complaint seeking indemnification against a company owned by Spiro's wife and against other entities with whom she has a relationship. This litigation tactic is not only reprehensible and unlawful retaliation, but it was made without any basis in the law. The Third Party Complaint must be dismissed with prejudice for the following reasons:

First, as a matter of law, indemnification claims are prohibited in FLSA and IMWL claims.

Second, the Third Party Plaintiff has alleged no basis under which indemnification could be allowed. There simply was no relationship that would give rise to an indemnification claim.

Finally, this Court should not exercise supplemental jurisdiction over the indemnification claim. The very same parties are litigating against each other in state court in Kane County, Illinois and those claims can be resolved in state Court if not dismissed with prejudice here.

## Facts

Third Party Defendants' "indemnification" claim boils down to this: The Plaintiff Spiro Kouvelis was just allowed to "hang out" at their restaurant but was not performing work. (Third Party Complaint, par. 4-5). They assert, however, that "to whatever extent Spiro did work", it was "on behalf of, or having been seconded by, Owl Nest Investments or Geneva Pancake House" because those entities were the "primary if not exclusive beneficiary" of his work. (Third Party Complaint, par. 6). As such, the Defendants assert that if they are liable to Spiro for wages for work, the Third Party Defendants should be liable to them. (Third Party Complaint, par. 8)

## Argument

**I.     Standard for Motions to Dismiss.**

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the sufficiency of the complaint. "All well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in the favor of the non-moving party." *DeGeer v. Gillis*,

707 F.Supp.2d 784, 789 (N.D. Ill. 2010). The allegations of the Complaint include the contract itself because, "when ruling on a Rule 12(b)(6) motion to dismiss, a court must consider documents attached to the complaint as part of the complaint itself." *Kirsch v. Brightstar Corp.*, 968 F. Supp. 2d 931, 936 (N.D. Ill. 2013) (internal quotations omitted).

## II.     Indemnity Claims Are Prohibited Under The FLSA and IWML.

Several cases have considered indemnity and third party claims in FLSA and IMWL cases. They have universally rejected such claims as a matter of law. In *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1017 (N.D. Ill. 2009), the Court noted that the FLSA and the IMWL "are designed to protect employees, and the court reasoned that both statutes' goals would be undermined by diminishing the employers compliance incentives if an employer were permitted to seek indemnity or contribution."  As such, the Court noted that it "concludes that Illinois law would follow federal law in not permitting an employer's claim for indemnity or contribution".

Similarly, in *Strauss v. Italian Vill. Rest., Inc.*, 1:11-CV-03202, 2012 WL 5389746, at *3–4 (N.D. Ill. Nov. 2, 2012), a claim for indemnity was brought against lawyers for their alleged contributions to various wage violations.  The Court noted that "[t]here is nothing in the FLSA or the IMWL that allows employers to bring an action against a third party to avoid its statutory responsibilities under these laws." In rejecting the allowance of such Claim, the Court noted that:

> We reject this contention [that third party claims are appropriate]. In a similar context, the Supreme Court stated that "[n]either the Equal Pay Act nor Title VII expressly creates a right to contribution in favor of employers." That, combined with the fact that Congress enacted those two statutes for the benefit of employees, led the Court to conclude that employers could not bring third-party suits in Equal Pay Act or Title VII actions.[39] Although the Seventh Circuit has not addressed this issue, every other federal court which has examined this issue has extended these holdings to bar such actions under the FLSA.

> The logic of these cases is compelling. The FLSA, like the Equal Pay Act and Title VII, does not provide an explicit right to contribution for employers. Like these statutes, Congress enacted the FLSA for the benefit of employees, not employers. The Italian Village offers no contrary authority to support its argument that it should be entitled to contribution. Consequently, Counts IX–XVI cannot be brought with respect to the FLSA, and both motions to dismiss are granted.

In *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986), the Fifth Circuit ruled that an indemnity claim arising out of a wage claim violates the purpose of the FLSA. The Court noted that "to engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would undermine employers' incentive to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute.". *See also, Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992)(defendant "sought to indemnify itself…for its own violation of the FLSA, which the district court found, and we agree, is something the FLSA simply will not allow"); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992); *Herman v. RSR Sec Services, Ltd.*, 172 F.3d 132, 1444 (2d Cir. 1999). As such, the Third Party Complaint should be dismissed with prejudice.

**III.     The Third Party Complaint Does Not State A Claim For Indemnity.**

The Third Party Complaint does not state a plausible claim for Indemnity. For example, it is unclear why the lawsuit named Owl Nest Investments (which is alleged upon information and belief to be an LLC owned by Plaintiff Spiro Kouvelis' wife that had an ownership interest in Geneva Pancake House LLC) as a responsible party. No allegation is made about why Spiro's wife's LLC (which only is alleged to have an ownership interest in a different restaurant) would ever be liable for indemnification.

Obviously LLC member are not liable for the debts of an LLC. See, 805 ILCS 180/10-10 ("the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.").

The Third Party Complaint makes no reference to any basis for indemnity that is recognized under Illinois law. To state a cause of action for indemnity, a third party complaint must allege: (1) a pre-tort relationship between the third party plaintiff and a third party defendants; and (2) a qualitative distinction between the conduct of the third party plaintiff and the third party defendant. S*chulson v. D'Ancona & Pflaum, LLC*, 354 Ill.App.3d 572, 576 (1st Dist. 2004). Likewise, under implied indemnity based on quasi-contract principles, "a promise to indemnify will be implied by law where a blameless party (the indemnitee) is derivatively liable to the plaintiff based upon the parties' relationship with the one who actually caused the plaintiff's injury (indemnitor)."

The Third Party Complaint fails to allege a relationship that would give rise to an obligation to indemnify. Indeed, Third Party Plaintiffs are well aware that there is no such relationship or agreement that would give rise to such a relationship. Third Party Plaintiffs have not been sued for harm resulting from Third Party Defendants' conduct. Instead, the Plaintiff in the underlying action is seeking to hold it liable for harm as a result of its failure, as an employer, to comply with the terms and requirements of the FLSA and the IMWL. Implied indemnity actions will only lie where one party is, in one sense, "at fault" and the other party is blameless, though liable – typically because of strict liability, respondeat superior, implied warranty, or some other legal principle that

imposes liability regardless of fault. See *Mizuho Corporate Bank v. Cory & Associates*, 341 F.3d 644, 652 (7th Cir. 2003).

Here, the Third Party Defendants have not and cannot allege a claim for implied indemnity because, as a matter of both state and federal law, they can hardly be considered blameless if they are found to be liable. Both the FLSA and the IMWL apply to employers and require employers to comply with their respective provisions. The Third party Complaint does not meet Rule 8's plausibility threshold for the simple reason that liability does not lie.

### IV. The Court Either Does Not Have Jurisdiction Or Should Decline To Exercise Supplemental Jurisdiction Because of the Pending Kane County Lawsuit Referenced In The Third Party Complaint.

"When a federal court has original jurisdiction over an action, the court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," even if those claims "involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009). This requires that that federal and state law claims derive from a common nucleus of operative fact. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

While there certainly is the common issue of the overtime work, at issue in the Third Party Complaint would be whether the Third Party Defendants have some contractual or other indemnity obligations. That assertion is separate and distinct from the wage claims and therefore there is not supplemental jurisdiction. *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009)(finding that additional claim for duty of

loyalty "does not arise from the same common nucleus of operative fact as Plaintiffs' overtime and minimum wage claims under the FLSA and the IMWL. Plaintiffs allege Defendants have failed to pay Plaintiffs overtime and minimum wages as required by statute.").

Alternatively, even if there is a proper basis for subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction because of the Kane County matter. The exact same parties are litigating in Kane County. As the Third Party Complaint references this lawsuit (par. 7), and the lawsuit is a public document, it is appropriately considered on a motion to dismiss. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). A copy of the lawsuit that the exact same Third Party Plaintiffs filed in Kane County against the Third Party Defendants here is attached as Exhibit A.

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks omitted). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Ibid*. (internal quotation marks omitted). *Elmhurst Lincon–Mercury, Inc. Employees 401(k) Profit Sharing Plan & Trust v. Mears*, 16 C 2390, 2016 WL 4505171, at *3 (N.D. Ill. Aug. 29, 2016). Given that the Third Party Plaintiff has already sued these parties in state court, having another lawsuit here is unnecessary and the Court should decline supplemental jurisdiction. The Kane County lawsuit, while certainly not

identical, seeks to impose obligations among these same parties for rights and obligations arising out of the same Buttermilk restaurant that is discussed in the Third Party Complaint.

## Conclusion

For the preceding reasons we respectfully ask this court to dismiss the Third Party Complaint in its entirety with prejudice.

Dated: February 9, 2017

Respectfully submitted,
**OWL NEST INVESTMENTS, LLC**

By:    /s/ David J. Fish
                  One of its Attorneys

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM, P.C.
200 E. 5th Street, Suite 123
Naperville, IL 60563
(630) 355-7590

**BISCUIT CAFE, INC. AND GENEVA PANCAKE HOUSE, LLC**

By:    /s/ Robert Dawidiuk
                  One of Their Attorneys

Robert Dawidiuk
The Collins Law Firm, P.C.
1770 Park Street, Suite 200
Naperville, Il 60563
(630) 527-1595