UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIRO KOUVELIS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 16-cv-11293 |
| GEORGE KOUVELIS, SOPHIA KOUVELIS, SOUTHERN CAFE, INC., and SB PANCAKE HOUSE, INCORPORATED d/b/a SOUTHERN CAFE NO. 2, INC., | ) ) ) ) ) ) ) |
| Defendants | ) ) |
| v. | ) ) |
| OWL NEST INVESTMENTS, LLC, GENEVA PANCAKE HOUSE, LLC and BISCUIT CAFE, INC., | ) ) ) ) |
| Third Party Defendants. | ) |

### DEFENDANTS' RESPONSE TO THIRD-PARTY DEFENDANTS' MOTION TO DISMISS

Defendants run a restaurant called Southern Cafe. Plaintiff claims to have worked for Southern Cafe. Despite third-party defendants' heated assertions that the third-party complaint is "retaliation," "reprehensible," "unlawful," and "without any basis in the law," it is simple and appropriate. Defendants deny that plaintiff worked for them. Answer at ¶¶ 4-6, 11-14, 16, 18, 19, 23-26, Third Party Complaint at ¶ 4. Defendants deny that plaintiff did *any* work for Southern Cafe. Third Party Complaint at ¶ 4. But, to whatever extent defendants are wrong and plaintiff did some compensable work, defendants allege that, in doing so, plaintiff was an

1

employee of third party defendant Owl Nest Investments, LLC and/or third party defendant Geneva Pancake House, LLC, and not defendants' employee. Third Party Complaint, ¶¶ 1, 2, 4-6. To whatever extent plaintiff did any work at Southern Cafe, that work was training for third-party defendants' restaurant, Buttermilk. Third party defendants further allege that Biscuit Cafe, Inc. is the successor in interest to Geneva Pancake House, LLC, having taken over Geneva Pancake House's only asset (Buttermilk), and, concomitantly, responsibility for its financial obligations. Third Party Complaint, ¶¶ 3, 7. Since third-party defendants are the actual and exclusive employers, and not defendants, they ought to indemnify defendants if plaintiff prevails.

**Indemnity claims are not prohibited under these facts**

Third-party defendants cite cases for the supposed proposition that indemnity claims are prohibited under the Fair Labor Standards Act and the Illinois Minimum Wage Law. None of these cases are relevant, for none of them involve a claim by defendants that third-party defendants were the plaintiff's exclusive employer. *Strauss v. Italian Village Restaurant*, 2012 WL 5389746, *3-4 (N.D. Ill), is an unpublished decision holding that an employer cannot seek indemnification from its former attorneys. *Villareal v. El Chile, Inc.*, 601 F.Supp. 2d 1011, 1017 (N.D. Ill. 2009), *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986), *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992), and *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992) all hold that an employer cannot seek indemnification from an employee-manager. And *Herman v. RSR Services, Inc.*, 172 F.3d 132, 144 (2d Cir. 1999) held that one manager cannot seek indemnification from other managers. Here, by contrast, defendants are denying that plaintiff worked for them, and asserting that if plaintiff did any work, third party defendants were plaintiff's exclusive employers. Such an assertion does not

2

implicate the concerns that have caused other courts to determine that admitted employers cannot seek indemnification from outside advisers, managers or co-employers.

**The third-party complaint states a plausible claim for indemnity**

The complaint explains why each of the third-party defendants might plausibly be liable in indemnity. Owl Nest Investments, LLC is owned and controlled by Katie Kouvelis, Spiro Kouvelis' wife. Third party Complaint, ¶ 1. Owl Nest owns one-third of third-party defendant Geneva Pancake House, LLC. Third Party Complaint, ¶ 2. Geneva Pancake House was formed in 2014 (i.e. contemporaneously with the supposed work, Complaint, ¶ 11) to operate a restaurant called Buttermilk. *Id.* Plaintiff's presence at Southern Cafe was in anticipation of the opening of Buttermilk, with the idea that he might learn something about how to run a restaurant at Southern Cafe for the benefit of Buttermilk. Third Party Complaint, ¶¶ 5-6. Hence the true beneficiaries of the work were Geneva Pancake House and its investor Owl Nest Investments. And since Geneva Pancake House's assets were transferred to Biscuit Cafe, Inc. without consideration, Biscuit Cafe ought to be liable for Geneva Pancake House's financial obligations. Third Party Complaint, ¶¶ 3, 7.

This satisfies the elements of an indemnity claim. There was a pre-tort secondment relationship between the third-party defendants, who placed the plaintiff at Southern Cafe, and the defendants, who operated Southern Cafe. And there was a qualitative distinction between the conduct of the defendants, alleged to have obtained no benefit from the secondment, and the third-party defendants, who derived the primary if not exclusive benefit from the secondment. Third Party Complaint, ¶¶ 4, 6. Cf. *Schulson v. D'Ancona & Pflaum, LLC*, 821 N.E.2d 643, 647 (Ill. App. 2004).

## Supplemental jurisdiction exists over the third-party complaint

This is a textbook example of supplemental jurisdiction. Plaintiff invokes a federal statute, the Fair Labor Standards Act, claiming that defendants were his employer. Defendants deny this, and seek indemnification from third-party defendants, arguing that if any work was done, third-party defendants were plaintiff's employer. The third-party claim involves more than a "common nucleus of operative fact." The third-party claim involves the *same* factual dispute as the original claim.

And the assertion that this claim is already being litigated in state court in Kane County, Illinois is just wrong. Neither the plaintiff in this case nor *any* of the defendants in this case are parties to the Kane County case. The Kane County case is a dispute about control of Buttermilk restaurant in Geneva, Illinois while this is a dispute about whether Spiro Kouvelis worked at Southern Cafe restaurant in Crest Hill, Illinois. Indeed, Buttermilk restaurant had not even opened when Spiro Kouvelis supposedly worked at Southern Cafe. While there is a little bit of overlap between the two cases, they are hardly "duplicative." They have different parties and different claims.

## Conclusion

The motion to dismiss is baseless and should be denied in its entirety.

Dated: March 3, 2017

George Kouvelis,
Sophia Kouvelis,
Southern Cafe Inc.,
SB Pancake House, Incorporated,

Adam Goodman
Goodman Tovrov Hardy & Johnson LLC

4

                                                              105 W. Madison, Suite 1500
                                                              Chicago, IL 60602
                                                              (312) 238-9592
                                                              Fax: (312) 264-2535
                                                              agoodman@goodtov.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the attached response brief was served via the Clerk of Court's ECF system upon all persons with appearances on file in this case on March 3, 2016.

/s/Adam Goodman