IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIRO KOUVELIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 C 11293 |
| v. | ) |
| | ) |
| GEORGE KOUVELIS, SOPHIA KOUVELIS, | ) Judge Jorge L. Alonso |
| SOUTHERN CAFE, INC., and | ) |
| SB PANCAKE HOUSE, INCORPORATED | ) |
| d/b/a SOUTHERN CAFE NO. 2, INC., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| OWL NEST INVESTMENTS, LLC, | ) |
| GENEVA PANCAKE HOUSE, LLC and | ) |
| BISCUIT CAFE, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Third-party defendants Owl Nest Investments, LLC ("OWL"), Geneva Pancake House, LLC ("Geneva"), and Biscuit Cafe, Inc. ("Biscuit"), filed a joint motion to dismiss the third-party complaint filed by George Kouvelis, Sophia Kouvelis, Southern Cafe, Incorporated, and SB Pancake House, Inc. (collectively "Southern Cafe") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

**BACKGROUND**

This matter arises from a wage dispute. Plaintiff Spiro Kouvelis filed a two-count complaint against Southern Cafe, alleging violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). (Compl. ¶ 1.) Plaintiff

contends that he worked at Southern Cafe but was not compensated. (*Id.* ¶¶ 11-14.) Southern Cafe disputes this contention and claims that it never employed plaintiff; rather, plaintiff "hung out" at Southern Cafe to observe its business operations and prepare for the opening of a restaurant called Buttermilk. (Third-Party Pl.'s Compl. ¶¶ 4, 5).

Southern Cafe answered and filed a third-party complaint against OWL[1], Geneva, and Biscuit, seeking indemnification. Southern Cafe names these entities as third-party defendants because each entity allegedly has an ownership interest in Buttermilk.[2] (*Id.* ¶¶ 1-3, 7.) Southern Cafe says that if it is liable to plaintiff, then the third-party defendants are liable to it because they are the primary beneficiaries of any work performed by plaintiff. (*Id.* ¶¶ 6, 8.)

## STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not

---

[1] Plaintiff's wife, Katie Kouvelis, owns and controls OWL. (*Id.* ¶ 1.)
[2] A state court action challenging the transfer of Buttermilk from Geneva to Biscuit is currently pending. (*Id.* ¶ 7.)

entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir.2012)).

## DISCUSSION

The third-party defendants move to dismiss, arguing that indemnification is prohibited for FLSA and IMWL claims, that Southern Cafe has failed to allege an indemnification action, and that this Court should not exercise supplemental jurisdiction because the same parties are currently litigating in state court.

*Indemnity under FLSA and IMWL*

Southern Cafe contends that indemnification is appropriate here because, to the extent plaintiff worked for Southern Cafe, the third-party defendants were the actual and exclusive employers of plaintiff and, therefore, are the true beneficiaries of any work performed by plaintiff.

As a preliminary matter, Southern Cafe has failed to sufficiently allege that the third-party defendants are employers as defined by the FLSA. Under the FLSA, third-party defendants may be found liable if they are "employers." An "employer" is defined under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A 203(d). Courts use the economic realities test to determine whether an individual "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3)

3

determined the rate and method of payment; and (4) maintained employment records." *Perez v. Super Maid, LLC*, 55 F.Supp.3d 1065, 1075 (N.D. Ill. 2014) (internal citations omitted). "The Seventh Circuit has held that an 'employer must exercise control over the working conditions of the employee.'" *Strauss v. Italian Vill. Rest., Inc.*, No. 11-CV-3202, 2012 WL 5389746, at *2 (N.D. Ill. Nov. 2, 2012) *quoting Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008). When determining the degree of control, courts will focus on the work an employee actually performed rather than the work the employee could have performed. *See Harper v. Wilson*, 302 F. Supp. 2d 873, 878 (N.D. Ill. 2004).

Southern Cafe alleges that "[i]n theory, Spiro was observing what went on at [Southern Cafe] in anticipation of the opening of Buttermilk, with the idea that Spiro might make a meaningful contribution to Buttermilk." (Third-Party Pl.'s Compl. ¶ 5). Southern Cafe asserts that indemnity applies because the third-party defendants were the primary or exclusive beneficiaries of any work performed by plaintiff. (*Id.* ¶ 6). These allegations are conclusory and insufficient to show that the third-party defendants were "employers" within the meaning of the FLSA. Southern Cafe makes no allegation that plaintiff performed, or is currently performing, any work for the third-party defendants. Instead, Southern Cafe alleges that, in theory, plaintiff "might make a meaningful contribution to Buttermilk." (*Id.* ¶ 5). Likewise, Southern Cafe makes no allegation that any of the third-party defendants had any control over plaintiff as required by the economic realities test. *See Strauss v. Italian Vill. Rest., Inc.*, No. 11-CV-3202, 2012 WL 5389746, at *2 (N.D. Ill. Nov. 2, 2012) (third-party plaintiff unable to show that third-party defendants were "employers" under the meaning of the FLSA). As pleaded,

Southern Cafe has failed to sufficiently allege that the third-party defendants are "employers" as defined by the FLSA.

Even if this were not enough to grant the third-party defendants' joint motion to dismiss, indemnification is not appropriate here. The third-party defendants argue that indemnity claims are prohibited under the FLSA and IMWL. Southern Cafe acknowledges that indemnification is not allowed in certain cases (*e.g.* where an employer is seeking to indemnify an outside adviser, manager, or co-employer). Yet, Southern Cafe argues, without support, that it is entitled to indemnification because the third-party defendants allegedly were plaintiff's actual or exclusive employers. The Court disagrees. Although the Seventh Circuit has not specifically addressed the issue of indemnification in FLSA cases, courts in this district have routinely dismissed these types of claims. *See Simpkins v. DuPage Hous. Auth.*, 15-CV-9103, 2017 WL 1231718 (N.D. Ill. March 28, 2017) (dismissing counterclaim for indemnity because it conflicts with the purpose of the FLSA and is preempted by federal law); *Strauss,* 2012 WL 5389746, at *4 (dismissing indemnity claims against outside advisors and finding "[t]here is nothing in the FLSA or the IMWL that allows employers to bring an action against a third party to avoid its statutory responsibilities under these laws. . . .These statutes only allow actions against employers as that term has been defined."); *Emanuel v. Rolling in the Dough, Inc.*, 10-CV-2270, 2010 WL 4627661 (N.D. Ill. Nov. 2, 2010) (dismissing indemnity claims as not cognizable and preempted by federal law); *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011 (N.D. Ill. 2009) (dismissing counterclaim for indemnity against a supervisor).

Likewise, courts in other circuits have routinely rejected indemnity claims in FLSA cases. The Fifth Circuit dismissed an indemnity claim in *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (noting that allowing indemnity actions in FLSA claims would create a conflict with the Supremacy Clause, undermine employers' incentive to follow the Act, and create a distinction among employees entitled to receive overtime pay in a way which otherwise would not exist under the statute). Other circuits have reached similar conclusions, finding that indemnity actions are prohibited in FLSA cases. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (employers found liable under the FLSA have no right of indemnification); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) (indemnity claims against supervisors not allowed under the FLSA); *Martin v. Gingerbread House*, Inc., 977 F.2d 1405, 1407-08 (10th Cir. 1992) (third-party complaint by employer seeking indemnity from employee is against the purpose of the FLSA and is preempted).

The Court sees no reason why this case warrants a different result. As noted by the court in *Strauss*, "there is ample authority that holds that the FLSA precludes all such potential blame-shifting and bars third-party actions for contribution and indemnity using any tort theories." *Strauss*, 2012 WL 5389746, at *3. Moreover, Southern Cafe has presented the Court with no authority, and this Court has been unable to find any, to support the position that an actual or exclusive employer, as alleged here, can be indemnified for potential FLSA violations. Accordingly, Southern Cafe's third-party complaint for indemnification under the FLSA is dismissed. For similar reasons, Southern Cafe's IMWL indemnification claim is dismissed as being preempted by federal law. *See Emanuel*, 2010 WL 4627661, at *4 (finding that IMWL indemnity claim is

preempted by federal law); *see also Villareal*, 601 F.Supp.2d at 1017 (finding that Illinois law would follow federal law and not permit an employer's indemnity claim); *Strauss*, 2012 WL 5389746, at 4 (dismissing IMWL indemnity claim under analysis similar to FLSA indemnity claim). Because this Court finds that indemnification is not warranted here, the Court need not address the third-party defendants' remaining arguments.

## CONCLUSION

For the reasons set forth above, the third-party defendants' joint motion to dismiss the third-party complaint [13] is granted.

**SO ORDERED.**

                                            **ENTERED: September 29, 2017**

                                            **HON. JORGE ALONSO**
                                            **United States District Judge**